UNITED STATES of America,

v.

**William ASSMUS, Appellant.**

No. 09–1885.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Jan. 29, 2010.

Filed: Feb. 16, 2010.

---

George S. Leone, Esq., Office of United States Attorney, Newark, NJ, for Appellee.

Christopher H. O'Malley, Esq., Office of Federal Public Defender, Camden, NJ, for Appellant.

Before: FUENTES and FISHER, Circuit Judges, and DIAMOND,* District Judge.

## OPINION OF THE COURT

DIAMOND, District Judge.

William Assmus appeals from the twenty-two-month sentence imposed following revocation of his supervised release, arguing that the District Court failed adequately to consider: (1) his mental health problems; and (2) the time he served in state custody for conduct related to his violation of supervised release. For the reasons that follow, we will affirm.

### I.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3583(e). We have jurisdiction pursuant to 28 U.S.C. § 1291.

### II.

We review a sentence imposed upon revocation of supervised release "for reasonableness with regard to the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Bungar,* 478 F.3d 540, 542 (3d Cir.2007) (citing *United States v. Booker,* 543 U.S. 220, 261–62, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *United States v. Cooper,* 437 F.3d 324, 326 (3d Cir.2006)). Although we must "ensure that a substantively reasonable sentence has been imposed in a procedurally fair way," our review of the District Court's consider-

---

* Honorable Paul S. Diamond, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

ation of the § 3553(a) factors is deferential. *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir.2008). *See also United States v. Parker*, 462 F.3d 273, 276 (3d Cir.2006) ("[T]he trial court is in the best position to determine the appropriate sentence in light of the particular circumstances of the case.") (quotation marks omitted).

### III.

Because we write primarily for the Parties, we will summarize only those facts pertinent to our analysis.

On May 22, 1998, Appellant pled guilty in the United States District Court for the Southern District of Florida to one count of conspiracy to commit access device fraud and one count of bank fraud. 18 U.S.C. § § 1029(b)(2), 1344. (App. at 12.) Appellant was sentenced to seventy-seven months imprisonment, three years of supervised release, $1,022,283 in restitution, and a special assessment of $200. (*Id.*) On June 30, 2003, Appellant was released from custody and began serving his term of supervised release. (*Id.* at 15.)

On June 9, 2004, the Southern District of Florida transferred jurisdiction over Appellant's supervised release to the District of New Jersey. (*Id.* at 16.) On October 20, 2004, the Government petitioned the District Court for revocation of Appellant's supervised release, amending the petition on February 22, 2005. (*Id.* at 7.) Appellant did not contest the amended petition. (*Id.* at 16.) The Court sentenced Appellant to fourteen months imprisonment and twenty-two months of supervised release. (*Id.*)

Appellant began serving his second term of supervised release on October 10, 2005. (*Id.* at 15.) At this time, Appellant was also serving a term of parole imposed by the New Jersey state courts. (*Id.* at 16.)

On January 21, 2006, Appellant's Federal Probation Officer and State Parole Officer visited Appellant's home, where they found a parking ticket and rental car agreement indicating that Appellant had left the jurisdiction—traveling to New York State—without permission. They also discovered materials suggesting that Appellant might have again committed access device fraud. (*Id.*) The following day—January 22, 2006—federal and state authorities were unable to locate Appellant. (*Id.*) On March 9, 2006, the New Jersey District Court issued a warrant for Appellant's arrest. (*Id.* at 8.) On March 21, 2006, New Jersey charged Appellant with obstruction of government operations for having violated his parole. (*Id.* at 19.)

Appellant remained a fugitive until December 22, 2007, when he was arrested in New York City. (*Id.* at 16.) On March 19, 2008, Appellant pled guilty in New Jersey state court to hindering apprehension (a lesser included offense of the original charge of obstruction of government operations). He was sentenced to 364 days incarceration. (*Id.* at 19.)

On February 13, 2009, after Appellant completed his state sentence, the New Jersey District Court conducted a hearing to determine whether to revoke Appellant's supervised release. (*Id.* at 26.) Although Appellant protested that his poor mental health made it impossible for him to comply with his supervised release conditions, he once again did not contest that he had violated those conditions—this time by committing the state crime of hindering apprehension. (*Id.* at 33–34; 67–71.) The District Court revoked Appellant's supervised release and scheduled sentencing for March 16, 2009. (*Id.* at 75–77.)

Having committed a class B supervised release violation, Appellant faced a statutory maximum sentence of thirty-six months imprisonment, with an advisory Guidelines range of twenty-one to twenty-seven months. *See* 18 U.S.C.

§ 3583(e)(3); U.S.S.G. § 7B1.4(a). Because Appellant had already served fourteen months imprisonment for his first violation of supervised release, his effective statutory maximum was twenty-two months imprisonment, with an effective Guidelines range of twenty-one to twenty-two months. *See* 18 U.S.C. § 3583(e)(3); U.S.S.G. § 7B1.4(b)(3)(A). Appellant requested a sentence of ten months imprisonment, arguing that: (1) he had already spent twelve months in state custody for hindering apprehension; and (2) he was unable to comply with the conditions of supervised release because of his pathological gambling disorder. (App. at 95–96.) The Government argued that Appellant's repeated violations of supervised release warranted imposition of the twenty-two month maximum sentence. (*Id.* at 111–13.)

Familiar with Appellant's mental health history, the Court found Appellant to be "an individual with an absolute inability to take responsibility for his own actions." (*Id.* at 118.) The Court was also "well aware that [Appellant had] already served state time." (*Id.* at 120.) The Court nevertheless imposed a twenty-two month sentence, noting that a shorter sentence "would not have a deterrent effect on Mr. Assmus." (*Id.*)

Appellant now contests the reasonableness of the twenty-two month sentence.

### IV.

 We review a sentence imposed upon revocation of supervised release "for reasonableness with regard to the factors set forth in 18 U.S.C. § 3553(a)." *Bungar,* 478 F.3d at 542 (citations omitted). We begin by determining whether the District Court "committed [any] significant procedural error." *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (U.S.2007). If the sentence is "procedurally sound," we consider whether the sentence is substantively reasonable. *Id.* The party challenging the sentence bears the burden of demonstrating unreasonableness, and we review for abuse of discretion. *United States v. Tomko,* 562 F.3d 558, 565 (3d Cir.2009) (citation omitted). *See also Bungar,* 478 F.3d at 543 (our review is "highly deferential").

In conducting our procedural review, we look to whether the District Court committed errors such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall,* 552 U.S. at 51, 128 S.Ct. 586.

The District Court committed no procedural errors in imposing sentence. The Court correctly calculated Appellant's Guidelines range. (App. at 116.) Moreover, although the Court did not explicitly mention each § 3553(a) factor during sentencing, it is apparent that the Court considered them, stating:

> [T]he Court must take into account ... the defendant's background and history, the nature of the violation in this case and also the nature of the underlying crime for which he's serving this supervised release, ... the need to deter Mr. Assmus and the need to deter others from future violations of supervision, the need to protect society, ... the need to provide for Mr. Assmus' rehabilitation, and also the need to provide for restitution to victims of the underlying credit card fraud and bank fraud.

(*Id.* at 116.) *See also Bungar,* 478 F.3d at 543 ("The court need not ... discuss a defendant's clearly nonmeritorious arguments, or otherwise discuss and make findings as to each of the § 3553(a) factors if

the record makes clear the court took the factors into account in sentencing.") (internal citations and quotation marks omitted). Finally, the Court adequately explained the sentence it imposed. *See* App. at 121 ("[A]fter a second round of violation of supervised release and a second round of failure to do those things that were required and are required of all supervised releasees, ... I feel that the appropriate sentence is the maximum sentence, which is 22 months in prison."). In these circumstances, we conclude that the District Court's sentence was procedurally sound.

■ Appellant also argues that the twenty-two month sentence was substantively unreasonable because the Court failed adequately to consider certain mitigating factors under § 3553(a). *See Bungar*, 478 F.3d at 543. In Appellant's view, the Court did not adequately consider: (1) his mental health problems; and (2) the 364 days he had served in state custody. We do not agree.

Before the March 16th sentencing, the District Court received Appellant's psychological evaluation prepared by Dr. Allen M. Tepper, a forensic and clinical psychologist retained by defense counsel. (App. at 89–92.) During sentencing, the Court considered Dr. Tepper's report:

> [Dr. Tepper] said that upon the course of the extended examination session, he found that Mr. Assmus' thoughts flowed in a logical fashion. He found that he was able to discuss in a conversational way the legal difficulties that he was in, namely, that he understood the allegations related to his supervised release. That he engaged in give and take dialogue regarding the pending supervised release. And also based upon Dr. Tepper's own observations during the course of the extended interview which occurred last week. Dr. Tepper himself is a very well qualified forensic and clini-

cal psychologist. He has a wealth of experience over the years.

(*Id.* at 117.)

The Court also considered its attempts to afford Appellant help for his gambling addiction:

> This is the second violation of supervision for Mr. Assmus. This Court gave Mr. Assmus another chance four years ago in imposing a period of supervised release with continuation of conditions such as attendance at Gamblers Anonymous and mental health treatment. I recognized at that time that Mr. Assmus needed help. I recognized at that time that he has chronic addiction to gambling. I recognized at that time that Gamblers Anonymous held the prospect of helping him as it's helped many, and so did psychotherapy, which would be paid for by the probation department. All that Mr. Assmus had to do was show up and give it his best and he didn't do so.

(*Id.* at 119.) This "more than adequately demonstrates the Court's meaningful consideration" of Appellant's mental health. *United States v. Lessner*, 498 F.3d 185, 203 (3d Cir.2007). *See also Tomko*, 562 F.3d at 565 ("[W]e will not disturb a trial court's exercise of discretion unless no reasonable person would adopt the district court's view.") (citation omitted). The Court imposed a twenty-two month sentence in part because Appellant had failed to take advantage of the psychological help the Court had previously ordered.

The Court also considered Appellant's contention that he should receive a sentence of no more than ten months because had already served a state sentence for hindering apprehension:

> Well, your federal violation is committing a new crime. And so the punishment that's being imposed today ... is for committing a new state crime while

you were on federal supervised re-
lease.... So it's not the same [conduct
being punished twice]. It may be the
same underlying conduct, but it's a viola-
tion of your supervision [for which I am
imposing sentence] here.

(App. at 104.) The District Court was
thus "well aware that [Appellant had] al-
ready served state time," but concluded
that Appellant "owed separate duties to a
separate sovereign based upon a separate
underlying crime." (*Id.* at 120.) We be-
lieve that the resulting twenty-two month
sentence was substantively reasonable.

## V.

For the reasons stated, we will affirm
the judgment of the District Court.